UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DISTRICT

| | |
|---|---|
| ASIAN SEAFOODS COLDSTORAGE PUBLIC CO., LTD., a Thailand public company,<br><br>  Plaintiff,<br><br>vs.<br><br>H & T SEAFOOD, INC., a California corporation; HIEU TAI TRAN, an individual; and DOES 1-10,<br><br>  Defendants | CASE NO. 2:10-CV-06225-SJO-JCG<br><br>The Hon. S. James Otero<br><br>**STIPULATED PROTECTIVE ORDER**<br><br><br><br>NOTE CHANGES MADE BY THE COURT. |
| H & T SEAFOOD, INC.,<br><br>  Counterclaimant,<br><br>vs.<br><br>ASIAN SEAFOODS COLDSTORAGE PUBLIC CO., LTD., a Thailand public company; and DOES 1-10,<br><br>  Counterdefendant. | |

Pursuant to the stipulation of the parties and Federal Rule of Civil Procedure 26, and good cause appearing therefrom,

**IT IS HEREBY ORDERED THAT:**

The following Stipulated Protective Order shall govern the handling of confidential, proprietary and trade secret information produced in discovery and/or filed with the Court in this action.

**1.  PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties have stipulated to and petitioned the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled to treatment as confidential under applicable legal principles. The parties further acknowledge, as set forth below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Local Rule 79-5.1 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

**2.  DEFINITIONS**

**2.1 Party**: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

**2.2 Disclosure or Discovery Material**: All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

**2.3 "Confidential" Information or Items:** Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c).

**2.4 "Confidential – Attorneys' Eyes Only" Information or Items:** Extremely sensitive "Confidential" Information or Items whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

**2.5 Producing Party:** A Party or non-party that produces Disclosure or Discovery Material in this action.

**2.6 Receiving Party:** A Party that receives Disclosure or Discovery Material from a Producing Party.

**2.7 Designating Party:** A Party or non-party that designates information or items produced in disclosures or in responses to discovery as "Confidential" or "Confidential – Attorneys' Eyes Only."

**2.8 Protected Material:** Any Disclosure or Discovery Material that is designated as "Confidential" or as "Confidential – Attorneys' Eyes Only."

**2.9. Outside Counsel:** Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

**2.10 House Counsel:** Attorneys who are employees of a Party.

**2.11 Counsel** (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

**2.12 Expert:** A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

**2.13 Professional Vendors:** Persons or entities that provide litigation support

services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

## 3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above and below), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or counsel to or in court or in other settings that might reveal Protected Material.

## 4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## 5. DESIGNATING PROTECTED MATERIAL

**5.1 Exercise of Restraint and Care in Designating Material for Protection.** Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Parties agree to act in good faith in designating documents or portions thereof as "Confidential" or "Confidential – Attorneys' Eyes Only" under this Order. If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other Parties that it is withdrawing the mistaken designation.

**5.2 Manner and Timing of Designations.** Except as otherwise provided in

this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

**(a)** for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced, except that a Party or non-party may designate appropriate material as either "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" prior to the inspection to protect such material from disclosure inconsistent with this Protective Order. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or

1  "CONFIDENTIAL – ATTORNEYS' EYES ONLY").

**(b)** Testimony taken at depositions may be designated as CONFIDENTIAL and/or CONFIDENTIAL – ATTORNEYS' EYES ONLY by making a statement to that effect on the record at any time during the deposition. Deposition testimony may also be so designated by giving written notice to the other Party within fourteen (14) days after the Designating Party's receipt of the transcript of the deposition, in which case such designation shall apply as of the date of such written notice. Arrangements shall be made with the court reporter transcribing such proceeding to separately bind those portions of the transcript containing such information designated as CONFIDENTIAL and/or CONFIDENTIAL – ATTORNEYS' EYES ONLY, or the entirety of the transcript if so designated, and to label such portions accordingly. If deposition testimony is designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," the non-Designating Party(s) (and the principals thereof), who are not otherwise entitled to access the designated material under this Order, must leave the deposition room. If there are any disputes about the designation of deposition testimony, counsel shall meet and confer in good faith and, thereafter, if they are unable to resolve the dispute, file a motion with the Court to adjudicate the issue(s) _briefly pursuant to L.R. 37_.

**(c)** for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**5.3 Inadvertent Failures to Designate.** An inadvertent or unintentional failure to designate qualified information or items as CONFIDENTIAL or

CONFIDENTIAL – ATTORNEYS' EYES ONLY will not be construed as a waiver, in whole or in part, of (i) any Party's claims of confidentiality either as to the specific information inadvertently or unintentionally disclosed or as to any other confidential material disclosed prior or subsequent to that date, or (ii) any Party's right to designate said material as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to this Protective Order. In the event of an inadvertent or unintentional failure to designate qualified information or items, the Producing Party shall promptly notify the Receiving Party that the information is CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY. The Designating Party further shall provide the Receiving Party with substitute copies of the affected documents, marked with the appropriate confidentiality designation, at the expense of the Designating Party.

Upon receiving notice of the confidentiality designation of previously-produced materials, the Receiving Party shall take reasonable steps to retrieve and destroy all undesignated copies of the materials, and shall treat the designated materials according to their confidentiality designation under this Protective Order. Prior to a change in designation by the Producing Party, however, the Receiving Party shall not be precluded from use of the information according to its then-existing designation. No Party shall be deemed to be in violation of this Protective Order with respect to the disclosure of any Protected Material to any other persons prior to the designation of that material as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to this Protective Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

If, at any time, any Party claims that certain Discovery Material was improperly designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY, or believes that it is necessary to disclose such Material to persons other than those permitted by this Protective Order, the objecting Party shall notify the Designating Party in writing and the Parties shall try to resolve their dispute in

good faith on an informal basis. If the Parties are unable to do so, the objecting Party may make an appropriate application to the Court *strictly pursuant to L.R. 37* requesting that the specifically-identified Protected Material be excluded from the provisions of this Protective Order or that they be made available to specified other persons. It shall be the burden of the Designating Party to establish that the contested material is Protected Material and therefore properly designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY. In any event, unless and until a Court's ruling is obtained changing a designation, or the Parties agree otherwise, the material involved shall be treated according to its designation.

### 7. ACCESS TO AND USE OF PROTECTED MATERIAL

**7.1 Basic Principles**. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of the FINAL DISPOSITION section below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**7.2 Disclosure of "CONFIDENTIAL" Information or Items**. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) any mediator who is engaged to assist the Parties in settlement negotiations on a confidential basis and who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(h) the author of the document or the original source of the information, or persons to whom the document or copies thereof were addressed or delivered; and

(i) employees or agents of the Producing Party.

**7.3 Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items**. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) the Court and its personnel;

(d) any mediator who is engaged to assist the Parties in settlement negotiations on a confidential basis and who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(e) court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation; and

(f) the author of the document or the original source of the information, or persons to whom the document or copies thereof were addressed or delivered; and

(g) employees or agents of the Producing Party.

## 8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures and identify the person(s) to whom the disclosure was made, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. Nothing in this paragraph shall limit the right of the Designating Party to seek relief from the Court as a result of the

disclosure of Protected Material, inadvertent or otherwise, to a person or Party not authorized under this Protective Order.

### 9. FILING PROTECTED MATERIAL.

**(a)** Absent written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, if a Party includes CONFIDENTIAL and/or CONFIDENTIAL – ATTORNEYS' EYES ONLY Information in any filing with the Court, the document containing or attaching the CONFIDENTIAL and/or CONFIDENTIAL – ATTORNEYS' EYES ONLY Information shall be labeled as such, and lodged with the Court with an application for filing under seal in accordance with Local Rule 79-5.1.

**(b)** The Party submitting the CONFIDENTIAL and/or CONFIDENTIAL – ATTORNEYS' EYES ONLY Information shall mark on the envelope used to seal it the title of the action, an indication of the nature of the contents of the sealed envelope, and a statement substantially in the following form:

> "CONFIDENTIAL [and/or ATTORNEYS' EYES ONLY] – FILED UNDER SEAL
>
> By order of the United States District Court for the Central District of California, this envelope is not to be opened and its contents are not to be displayed or revealed except by further order of the Court."

Material found by the Court to meet the requirements for Protected Material (as defined in this Protective Order) shall be maintained under seal and shall not be made available for public review pursuant to Local Rule 79-5.

**(c)** In the event a Party files a document containing CONFIDENTIAL and/or CONFIDENTIAL – ATTORNEYS' EYES ONLY Information other than in accordance with this paragraph, any Party may apply to the Court that such materials be placed under seal.

## 10. FINAL DISPOSITION.

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party or provide a written certification within the sixty day period that the all of the Protected Material has been destroyed. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Notwithstanding the foregoing, materials filed with the Court, attorneys' notes and files protected by the work product doctrine, and deposition or other transcripts need not be destroyed, but shall be kept confidential as provided herein.

## 11. NON-PARTY PROTECTED MATERIAL.

Should the Parties in this case issue any subpoenas to non-parties, the Parties agree that any non-parties served with a subpoena may designate as Protected Material any appropriate materials responsive to such a subpoena, and further, the Parties may notify any non-party served with a subpoena in this case of this Protective Order.

Furthermore, the Parties recognize that there may be produced Protected Material originating with a non-party as to which there exists an obligation of confidentiality. To the extent that a Party reasonably and in good faith believes such material is subject to a confidentiality obligation, the Party may designate the material as Protected Material, and such material shall be subject to the restrictions on disclosures specified in this Order subject to the Parties' rights hereunder to contest such designation.

## 12. MISCELLANEOUS

**12.1 Right to Further Relief.** Nothing in this Order abridges the right of any

person to seek its modification by the Court in the future.

**12.2 Right to Assert Other Objections.** By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**12.3** Nothing herein affects, in any way, the admissibility of any document, testimony, or other evidence at trial or restricts the use of information obtained from investigations, interviews or other sources other than via the discovery process, motion practice or voluntary disclosure of information by any Party conducted under the terms of this Protective Order. The Court will determine, in its sole discretion, how documents designated as CONFIDENTIAL and/or CONFIDENTIAL – ATTORNEYS' EYES ONLY will be treated during the trial of this action. The Parties agree to request, prior to trial, that the Court make an appropriate order to maintain the confidentiality of Protected Materials to the extent practicable.

**12.4** This Protective Order shall bind the Parties from the date of execution hereon, prior to and in the absence of entry of this Protective Order by the Court.

**12.5** The Court retains jurisdiction to make such orders as are appropriate concerning this Protective Order and Confidential Information.

**12.6** The Parties retain the right to agree to or seek to modify this Protective Order.

**12.7** This Protective Order may be executed in counterparts, each of which shall be deemed part of the original and all of which shall constitute one and the same agreement.

**12.8** Any Party, having received CONFIDENTIAL and/or CONFIDENTIAL – ATTORNEYS' EYES ONLY Information, that receives a subpoena or other compulsory process seeking the production of all or some of those Materials, shall

1  promptly, and before producing such Materials, notify in writing:

2      (a)    the requesting party, court or administrative agency of this Protective
3  Order; and

4      (b)    counsel for the Designating Party of the receipt of such compulsory
5  process and provide counsel with copies of that process.

**IT IS SO ORDERED.**

Dated: 3·14·2011

~~Hon. S. James Otero~~
Hon. Jay C. Gandhi

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: March 7, 2011 | Respectfully submitted, |
| 3 | | VAN ETTEN SUZUMOTO & SIPPRELLE LLP |
| 4 | | |
| 5 | | |
| 6 | | By: /s/ Joshua D. Mendelsohn |
| 7 | |     Mark K Suzumoto |
| | |     David B. Van Etten |
| 8 | |     Keith A. Sipprelle |
| | |     Joshua D. Mendelsohn |
| 9 | | Attorneys for Plaintiff Asian Seafoods Coldstorage Public Co., Ltd. |
| 10 | | |
| 11 | DATED: March 7, 2011 | Respectfully submitted, |
| 12 | | LATHAM & WATKINS LLP |
| 13 | | |
| 14 | | By: Jonathan M. Jackson |
| 15 | |     Russell F. Sauer, Jr. |
| | |     Aaron G. Murphy |
| 16 | |     Daniel R. Seltzer |
| | |     Jonathan M. Jackson |
| 17 | | Attorneys for Defendants H & T Seafood, Inc. and Hieu Tai Tran |

15

[PROPOSED] PROTECTIVE ORDER

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| ASIAN SEAFOODS COLDSTORAGE PUBLIC CO., LTD., a Thailand public company,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>H & T SEAFOOD, INC., a California corporation; HIEU TAI TRAN, an individual; and DOES 1-10,<br><br>　　　　Defendants. | CASE NO.: 2:10-CV-06225-SJO-JCG<br><br>**CONSENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**<br><br>Hon: S. James Otero |
| H & T SEAFOOD, INC.,<br><br>　　　　Counterclaimant,<br><br>v.<br><br>ASIAN SEAFOODS COLDSTORAGE PUBLIC CO., LTD., a Thailand public company; and DOES 1-10,<br><br>　　　　Counterdefendants. | |

I, _____ (name), state the following:

1. I hereby acknowledge that I have read the Stipulated Protective Order ("Order") entered in Asian Seafoods Coldstorage Public Co. Limited v. H&T Seafood, Inc. et al., case number 2:10-CV-06225-SJO-JCG (the "Action"), understand its terms and agree to be bound by them.

2. Specifically, I hereby acknowledge that I am one of the persons:

[CHECK ONE]

___ contemplated in paragraph 7.2 of the Order as having access only to information designated as "CONFIDENTIAL" by the Designating Party, and I fully understand and agree to abide by the terms and conditions of the Order.

___ contemplated in paragraphs 7.2 and 7.3 of the Order as having access to information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the Designating Party, and I fully understand and agree to abide by the terms and conditions of the Order.

3. I understand that any unauthorized use or disclosure of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material constitutes contempt of Court, which may subject me to sanctions by the Court and/or to separate legal and equitable recourse by any Designating Party that is adversely affected by such unauthorized use.

4. I hereby voluntarily subject myself personally to the jurisdiction of the United States District Court for the Central District of California for the purpose of proceedings relating to my performance under, compliance with, or violation of the Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

///
///
///
///
///
///

[SIGNATURE APPEARS ON FOLLOWING PAGE]

Dated: _____, 20\_\_

_____
Signature

_____
Printed Name

_____
Title/Position

_____

_____

_____
Address

[PROPOSED] PROTECTIVE ORDER